UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2130** |
| **DEAN DOVE, WARDEN** | **SECTION "E"(2)** |

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Tyrone Washington, is incarcerated in the Natchitoches Parish Detention Center in Natchitoches, Louisiana.[2] On September 6, 2002, Washington was charged in a Jefferson Parish bill of information with thirteen (13) counts of armed robbery, one count of conspiracy to commit armed robbery and one count of battery on a police officer.[3] Washington initially plead not guilty to the charges.[4]

After being found competent to proceed, Washington withdrew his former plea and plead guilty to the charges on June 17, 2003.[5] Pursuant to the plea agreement, the state trial court sentenced Washington to concurrent prison terms of forty-five (45) years on each of the armed robbery counts, thirty (30) years on the conspiracy count and five years on the battery on a police officer count, with each sentence to be served without benefit of parole, probation or suspension of sentence.[6] The court later denied Washington's motion to reconsider the sentence on July 11, 2003.[7]

---

[2] Rec. Doc. No. 4.

[3] St. Rec. Vol. 1 of 3, Bill of Information, 9/6/02.

[4] St. Rec. Vol. 1 of 3, Minute Entry, 9/6/02; Minute Entry, 10/13/02.

[5] St. Rec. Vol. 1 of 3, Plea Transcript, 6/17/03; Plea Minutes, 6/17/03; Plea of Guilty and Waiver of Rights, 6/17/03; Hearing Minutes, 12/11/02; Minute Entry, 10/15/02; Motion to Appoint Sanity Commission, 10/13/02.

[6] St. Rec. Vol. 1 of 3, Plea Transcript, 6/17/03; Plea Minutes, 6/17/03.

[7] St. Rec. Vol. 1 of 3, Trial Court Order, 7/11/03; Motion to Reconsider Sentence, 7/10/03.

2

Washington's conviction became final thirty (30) days later, on Monday, August 11, 2003,[8] because he did not pursue a direct appeal or further review of his sentence. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[9]).

On June 16, 2004, Washington signed and submitted an application for post-conviction relief to the state trial court in which he asserted the following grounds for relief:[10] (1) His guilty plea was not knowing, intelligent and voluntary and was the product of coercion and without regard for his mental incompetence. (2) Counsel's affirmation that the plea was knowing, intelligent and voluntary was the product of coercion. (3) He was provided ineffective assistance of counsel. (4) The sentences imposed the same day as the plea were void because defendant did not waive legal

---

[8] The last day of the period fell on Sunday, August 10, 2003, moving the final day to the next non-holiday, Monday, August 11, 2003. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[9] The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[10] St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 6/21/04 (dated 6/16/04).

delays. On June 24, 2004, the state trial court denied relief finding no merit in the claims.[11]

The Louisiana Fifth Circuit denied Washington's application for a writ of review on July 28, 2004, finding no error in the trial court's ruling.[12] The Louisiana Supreme Court denied Washington's related writ application without stated reasons on May 20, 2005.[13]

More than three years later, on July 9, 2008, Washington submitted a writ application to the Louisiana Supreme Court seeking reconsideration of his prior pro se writ application. State v. Cordero, 993 So.2d 203 (La. 2008).[14] Per the Cordero procedures, the writ application was transferred to the Louisiana Fifth Circuit on October 10, 2008, where it was docketed for reconsideration on October 18, 2008 under Case No. 08-WR-1093.[15]

---

[11]St. Rec. Vol. 1 of 3, Trial Court Order, 6/24/04.

[12]St. Rec. Vol. 3 of 3, 5th Cir. Order, 04-KH-890, 7/28/04; 5th Cir. Writ Application, 04-KH-890, 7/26/04 (dated 7/20/04).

[13]State ex rel. Washington v. State, 902 So.2d 1045 (La. 2005); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2004-KH-2170, 5/20/05; La. S. Ct. Writ Application, 04-KH-2170, 8/24/04.

[14]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-1919, 8/8/08 (dated 7/9/08). The Cordero court addressed alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit during a given period of time.

[15]State ex rel. Washington v. State, 993 So.2d 1225 (La. 2008); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-1919, 10/10/08; 5th Cir. Writ Application, 08-WR-1093, 10/18/08.

On December 2, 2010, the Louisiana Fifth Circuit granted reconsideration in accordance with Cordero and denied relief finding no error in its prior ruling.[16] Washington's subsequent writ application in the Louisiana Supreme Court was denied without stated reasons on November 18, 2011.[17]

More than one year later, on December 19, 2012, Washington signed and submitted a motion to the state trial court seeking review and correction of his sentence.[18] The state trial court denied the motion on February 7, 2013.[19]

In its subsequent April 30, 2013 order, the Louisiana Fifth Circuit did not consider Washington's writ application per La. App. R. 4-3, because the application had been filed more than thirty (30) days after the trial court's ruling and was therefore untimely.[20] On March 14, 2014, the Louisiana Supreme Court denied Washington's untimely-filed[21] writ application to that court.[22]

---

[16]St. Rec. Vol. 3 of 3, 5th Cir. Order, 08-WR-1093, 12/2/10.

[17]State ex rel. Washington v. State, 75 So.3d 453 (La. 2011); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2010-KH-2872, 11/18/11; La. S. Ct. Writ Application, 10-KH-2872, 12/30/10 (dated 12/28/10).

[18]St. Rec. Vol. 2 of 3, Motion to Review and Correct Illegal Sentence, 1/9/13 (dated 12/19/12).

[19]St. Rec. Vol. 2 of 3, Trial Court Order, 2/7/13.

[20]St. Rec. Vol. 3 of 3, 5th Cir. Order, 13-KH-267, 4/30/13; 5th Cir. Writ Application, 13-KH-267, 3/26/13 (dated 3/19/13, postmarked 3/20/13).

[21]La. S. Ct. Rule X §5 allows thirty (30) days to file for review in the Louisiana Supreme Court. Washington's pleading was dated August 4, 2013, well beyond the thirty-day period.

[22]State ex rel. Washington v. State, 134 So.3d 1191 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1909, 3/14/14; La. S. Ct. Writ Application, 13-KH-1909, 8/7/13 (dated 8/4/13).

While that writ application was pending, on September 12, 2013, Washington also submitted a motion to amend his sentence to the state trial court.[23] The court denied the motion on November 6, 2013 as procedurally improper under La. Code Crim. P. art. 881. Washington did not seek further review of that ruling.

## II.    FEDERAL HABEAS PETITION

On September 29, 2014, the clerk of this court filed Washington's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[24] (1) Counsel provided ineffective assistance when he allowed Washington to plead guilty knowing that he was mentally incompetent. (2) He was denied due process when the state trial court proceeded to the plea and conviction stage after petitioner was found incompetent.

The State filed a response in opposition to Washington's federal petition arguing that the petition should be dismissed as <u>un</u>timely.[25]

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[23]St. Rec. Vol. 2 of 3, Motion to Amend and/or Modify Sentence, 9/19/13 (dated 9/12/13).

[24]Rec. Doc. No. 4.

[25]Rec. Doc. No. 19.

6

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[26] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Washington's petition, which, for reasons discussed below, is deemed filed in this court on September 9, 2014.[27]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues, and I find, that Washington's federal petition is not timely and must be dismissed for that reason.

---

[26]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Washington initially did not date or sign his form petition until required to do so by the clerk of court. However, Washington's pauper application originally submitted with his form petition is dated September 9, 2014. Affording him every benefit of the record, this is the earliest date appearing in the record on which Washington could have submitted the pleadings to the prison officials for mailing to the court.

IV.     STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[28] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). As discussed previously, Washington's conviction is deemed final on Monday, August 11, 2003. Under a literal application of the Section 2244, Washington had one year from that date, or until August 10, 2004, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only

---

[28] The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Washington was in fact found competent to proceed by the state trial court. He has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland, 130 S. Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the

state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain

language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.

11

1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Requests for document and transcript copies, like those submitted by Washington in 2011 in the state courts, are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA statute of limitations began to run on August 12, 2003, the day after Washington's conviction became final, and continued to run for 309 days, until June 16, 2004, when Washington submitted an application for post-conviction relief to the state trial court. The statute of limitations remained tolled through May 20, 2005, when the Louisiana Supreme Court denied his related writ application.

13

The AEDPA one-year limitations period began to run again on May 21, 2005, and continued for 56 days, until July 15, 2005, when it expired. Washington had <u>no</u> properly filed state application for post-conviction relief or other collateral review pending in any state court during that period. Washington did not file for state post-conviction relief or other collateral review until <u>three</u> (3) years later, when on July 9, 2008, he submitted his <u>Cordero</u> writ application to the Louisiana Supreme Court. This application, filed long after expiration of the AEDPA one-year statute of limitations, provides no tolling benefit under the statute. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Even if the <u>Cordero</u> review proceedings were considered in the tolling calculation, the record establishes that Washington allowed more than <u>one full additional year</u> to pass <u>after</u> the Louisiana Supreme Court's resolution of the final <u>Cordero</u> writ application on November 18, 2011, before he signed and submitted his state court motion seeking review and correction of his sentence on December 19, 2012. Either way, Washington has allowed well more than one year from finality of his conviction to pass without the filing of a federal habeas corpus petition.

Washington's federal petition is deemed filed in this court on September 9, 2014, which was more than <u>nine</u> years after the AEDPA's one-year statute of limitations expired on July 15, 2005. Washington's federal petition was not timely filed and must be dismissed with prejudice for that reason.

14

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Washington's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[29]

New Orleans, Louisiana, this ___30th___ day of March, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[29] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.